# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

ROBERT JUSTICE, et al.,

    Plaintiffs,

v.                               CIVIL ACTION NO. 2:17-cv-02986

CABOT OIL & GAS CORPORATION, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Cabot Oil & Gas Corporation's ("Cabot") Motion to Dismiss Claims Asserted by Plaintiff James Grimes. (ECF No. 60.) For the reasons herein, the Court **GRANTS** the motion.

### I. BACKGROUND

Plaintiff James Grimes ("Grimes") is one of several Plaintiffs who filed a Complaint on April 13, 2017, against Cabot and other unnamed persons or entities. (ECF No. 1-2 at 7.) The dispute arises from Cabot's alleged failure to reasonably divert water from its natural course in a way that caused flooding and associated damage to Plaintiffs' properties located in Boone County, West Virginia. The Complaint was filed originally in the Circuit Court of Boone County, and Cabot removed the case to this Court on May 19, 2017, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the sole basis for this Court's subject matter jurisdiction. (ECF No. 1.) After Grimes' refusal to participate in the discovery process despite a court order compelling him to do

so, Cabot filed the pending motion on July 2, 2018. (ECF No. 60.) No response was filed, and, thus, the motion is ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides the following:

If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Further, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980)

(alteration in original) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (per curiam)). When determining what sanctions are appropriate under Rule 37, district courts within the Fourth Circuit apply a four-part test. *See Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978); *see also Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). "The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (citing *Wilson*, 561 F.2d at 503–05); *see also Riggins v. Steel Techs.*, 48 F. App'x 460, 462 (4th Cir. 2002) (per curiam) (unpublished opinion).

### III. DISCUSSION

Cabot summarizes in the motion the relevant and undisputed facts that led to the pending motion's filing. (ECF No. 60 at 1–2.) In short, since Grimes filed his Complaint on April 13, 2017, he has failed to respond to Cabot's written discovery requests, failed to submit to a deposition, failed to respond to Cabot's motion to compel, failed to comply with Magistrate Judge Tinsley's discovery order, and has otherwise failed to participate in this litigation at all. (*See id.*) It is apparent that Rule 37 sanctions are appropriate in this situation.

First, Grimes has acted in bad faith by blatantly disregarding this litigation since he filed the Complaint well over fifteen months ago. Grimes never responded to initial discovery requests, and his counsel similarly refused to respond to multiple correspondence from Cabot's counsel inquiring as to the whereabouts of his responses. (*See id.*) While the failure to

participate in initial discovery could be rectified through later involvement, bad faith became even more apparent here through Grimes' noncompliance with a very specific discovery order entered by Magistrate Judge Tinsley. Cabot suggests that Grimes "moved away . . . since at least January 25, 2018," (*id.* at 4), but the discovery order was entered on December 18, 2017, (ECF No. 17). That order was electronically transmitted to Grimes' counsel upon entry, so Grimes clearly had notice of the court order with which he still has not complied. Simply put, Grimes' actions—or lack thereof—since the litigation's commencement serve as a distinct example of bad faith.

Second, the Court agrees with Cabot that it has suffered prejudice because of Grimes' misconduct. As Cabot notes, Grimes has "deprived Cabot of any knowledge regarding [his] claims," (ECF No. 60 at 4), and with summary judgment motions due on August 2, 2018, Cabot has been unable to develop any evidence to rebut those claims. Grimes supposedly no longer owns the property that he claims was flooded. (*Id.*) Thus, Cabot's experts have been unable to examine the alleged damage suffered. (*Id.* ("Likewise, counsel for Mr. Grimes did not take Cabot's experts to the location where the mobile home was previously located and, accordingly, Cabot's experts do not even know the location of the alleged flooding.").) The ability to inspect the property and develop expert opinions related to the cause of the supposed damage is essential to Cabot's defense. In short, the inability to defend itself due to Grimes' noncompliance with Magistrate Judge Tinsley's order indicates that Cabot has already suffered great prejudice.

Third, "stalling and ignoring the direct orders of the court with impunity . . . must obviously be deterred." *Mut. Fed. Savs. & Loan Ass'n*, 872 F.2d at 93. This applies not only to future litigants who will appear before this Court but also to those who are involved in the instant action. Cabot filed a motion to compel against all Plaintiffs in this matter after almost two months passed

4

from the date when Cabot served its initial discovery requests. (*See* ECF Nos. 12, 13, 14.) It took Magistrate Judge Tinsley's order for the other Plaintiffs in this case to respond to those requests. (*See* ECF No. 20.) While the Court is unaware of additional misconduct by those Plaintiffs, they should be aware of the consequences that may arise from noncompliance with this Court's orders.

Lastly, no less drastic sanctions than dismissal will be effective in this situation. Cabot has been left with no information regarding Grimes' claims, and the dispositive motions deadline is looming. Grimes has shown no interest in participating in this action or even communicating with his attorney even though his counsel has not moved to withdraw representation. There is no indication before the Court that Grimes has any intention of obeying Magistrate Judge Tinsley's order in the future or further pursuing his claims against Cabot. Accordingly, Grimes forfeited his right to prosecute this case, and dismissal of his claims appears to be the only appropriate sanction under Rule 37.

As a final matter, the Court will not order Grimes or his counsel to pay Cabot's reasonable expenses caused by the failure to comply with Magistrate Judge Tinsley's order. While the inactions of Grimes are inexcusable, the Court cannot ignore the fact that Cabot itself failed to comply with Magistrate Judge Tinsley's order. The order discussed Rule 37's allowance of reasonable costs associated with filing a successful motion to compel. (ECF No. 17 at 1–2.) In accordance with that rule, Magistrate Judge Tinsley allowed Cabot to "file an affidavit of their reasonable expenses incurred in making the motion, including attorney's fees, on or before December 26, 2017." (*Id.* at 2.) Notwithstanding that deadline, Cabot's counsel did not file an affidavit until January 2, 2018. (ECF No. 19.) The Court does not find it sensible to reprimand

Grimes for his failure to comply with a court order but award costs to Cabot when it also failed to comply with the same order. Therefore, the Court finds that an award of expenses would be unjust under these circumstances.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Cabot's Motion to Dismiss Claims Asserted by Plaintiff James Grimes. (ECF No. 60.) The Court further **DISMISSES** all claims brought by Grimes in this action and **DIRECTS** the Clerk to remove James Grimes as a named Plaintiff in this matter.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 30, 2018

_____
THOMAS E. JOHNSTON, CHIEF JUDGE